STRAUSS v. CONRIED.

(Circuit Court, S. D. New York. December 16, 1902.)

1. FOREIGN JUDGMENTS—CONCLUSIVENESS—AUSTRIAN COURTS.
    A judgment of a court of Austria in a suit in which it had jurisdiction of the subject-matter and the parties will be accepted by the courts of the United States as conclusive between the parties of the matters adjudicated.

In Equity. On motion for preliminary injunction.

Benno Loewy, for the motion.
Dittenhoefer, Gerber & James, opposed.

LACOMBE, Circuit Judge. Whatever rights Johann Strauss had to these operas passed to his widow, the complainant. What those rights were is a question which was litigated in the Austrian courts between the parties to the suit at bar. The complainant here was complainant there. The defendant here was defendant there; voluntarily appearing, presenting his proof, arguing, and appealing even to the court of last resort. That the Austrian courts had jurisdiction of the subject-matter seems entirely clear. Certainly, on the record here, it must be held that they had jurisdiction of the person of defendant. In Austria it seems that full force and effect is given to foreign judgments of competent courts having jurisdiction of the parties. The United States Supreme Court held in 1894 that:

"In Austria the rule of reciprocity does not rest upon any treaty or legislative enactment, but has been long established by imperial decrees and judicial decisions upon general principles of jurisprudence." Hilton v. Guyot, 159 U. S. 223, 16 Sup. Ct. 166, 40 L. Ed. 95.

There is not sufficient in the papers here submitted to warrant this court in reaching a different conclusion from that expressed above. We start, therefore, with an adjudication between the parties which is to be accepted as settling for this court the points it decided. That judgment decided that the contract of 1891 between defendant and Johann Strauss gave to the former only the right of performance of the dramatic works therein mentioned, and which are the subject of this suit, and the right to permit third persons to perform the same for a percentage royalty or for a lump sum consideration, and only for the period from March 15, 1891, to March 15, 1899, and for the territory of the United States of North America, England, Canada, and Australia, and that said contract and said rights terminated on March 15, 1899, and the rights no longer exist. This adjudication between the same parties appears to dispose of every question raised on this motion. As to the action of Conried v. Witmark in the Supreme Court, the complainant here is not a party.

Complainant may take injunction pendente lite, restraining defendant from performing these operas himself, or from undertaking to authorize others to perform them, or from collecting royalties, and from interfering in any way with the complainant in producing or licensing others to produce the same. This injunction, however, shall not operate to restrain the prosecution of the action of Conried v. Witmark, now pending in the Supreme Court of the state of New York.